(Hamilton County Court of Common Pleas.)

DICKMEIER, Administrator of William Cope v. PRUDENTIAL INSURANCE COMPANY.

*Life insurance—Copies of answers of insured to questions must be delivered to him in his life time.*

1. Section 3621, Revised Statutes, construed.
2. Where it is provided that the answers made to a medical examiner by an applicant for life insurance, are to become a part of the contract of insurance, copies of such answers must be delivered by the company to the insured with his application during his lifetime.

---

WILSON, J.

Wm. Cope took out a policy of insurance in the defendant company on his own life, payable at his death to his executors, administrators or assigns. The policy and the application for insurance provided that the application and the answers made by the applicant to questions of the medical examiner, should be a part of the policy and contract of insurance. The application warranted all the answers to the medical examiner to be true, and provided that if any of them were not true in whole or in part the policy should be void. At the time the policy was delivered to Cope, copies of the application and of his answers to the medical examiner were

not delivered to him; but after his death, and after suit had been brought on the policy, copies.of these papers were delivered to the attorneys for the plaintiff.

Section 3621, Revised Statutes, provides that when the application or other papers are made part of a policy of insurance, and of the contract of insurance, copies of such papers must be delivered by the insurance company to the person taking the policy at the time the policy is delivered; and further, that as long as the company is in default as to the delivery of such copies it is estopped from denying the truth of any of the answers in such papers.

It was claimed by the company that the delivery of copies to counsel for plaintiffs satisfied the requirements of the statutes.

Held, That within the meaning of said section, Cope was the person taking said policy.

That the copies referred to in section 3621 must be delivered to the insured in his lifetime, the object being to enable him to examine them, and if mistakes are found, to have them corrected.

That the object of this section would be defeated by allowing the company to deliver copies after the death of the insured.

That when the company fails to deliver copies of such papers to the insured during his lifetime, and is in default for such copies at the time of his death, it is estopped from denying the truth of such representations as against the beneficiaries of the policy, and can not cure the consequences of such default by delivering copies to any person interested in the policy, after the death of the insured.

In this case the only defense set up by the company was the untruth of the answers made to the medical examiners. Copies of such answers not having been given to the insured in his lifetime, the court rules out all testimony relating thereto, and directed a verdict for the plaintiff for the full amount due on the policy.

George B. Harding, Robert C. Pugh, for plaintiff.

A. C. Shattuck, for defendant.